Filed 4/19/21  P. v. Joyner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091224 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F07948) |
| v. | |
| SEAN JOYNER, | |
| Defendant and Appellant. | |

This appeal arises from the trial court's denial of defendant Sean Joyner's petition for resentencing under Penal Code[1] section 1170.95.  To facilitate our review, we will summarize the relevant background facts from our opinion in defendant's previous appeal from the underlying conviction.  (*People v. Joyner* (Oct. 25, 2013, C071202) [nonpub. opn.].)[2]

---

[1]     Further undesignated section references are to the Penal Code.

[2]     We previously took judicial notice of this opinion and incorporated it, along with the record from defendant's direct appeal, into the record on this appeal.

1

Defendant and codefendant Nicholas Newsome, both of whom were gang members, confronted the victim, a rival gang member, outside of a nightclub. The victim turned around and someone shot and killed him. Defendant later texted several incriminating messages to the mother of his son, although he would not tell her whether he was the shooter. (*People v. Joyner*, *supra*, C071202 at pp. 1-2.)

At trial, the jury was instructed on theories of direct aiding and abetting, murder with malice aforethought, and voluntary manslaughter. The jury did not receive any instructions on felony murder or the natural and probable consequences doctrine.

The jury found defendant guilty of second degree murder and found true allegations the murder was committed for the benefit of a criminal street gang and that at least one principal personally discharged a firearm. The trial court sentenced defendant to a term of 40 years to life in prison. We affirmed the convictions on appeal. (*People v. Joyner*, *supra*, C071202 at pp. 2-3, 7.)

After the enactment of section 1170.95, defendant filed a postjudgment petition for resentencing. (Sen. Bill No. 1437 (2017-2018 Reg. Sess.) Stats. 2018, ch. 1015, § 4.) The trial court appointed counsel to represent defendant and both parties submitted briefing.

The trial court issued a written order denying the petition, saying: "Neither party appears to have examined the court's underlying file for case No. 09F07948, a simple review of which shows clearly that defendant Joyner is ineligible for . . . § 1170.95 relief from his second degree murder conviction because the jury was not instructed on either a felony-murder theory or the natural and [probable] consequences doctrine.

"Specifically, the jury found defendant Joyner not guilty of first degree murder and instead convicted defendant Joyner of second degree murder with . . . §§ 186.22(b) and 12022.53(e)(1) enhancements found true. The jury had been instructed with CALCRIM No. 401, that '[t]o prove that a defendant is guilty of a crime based on aiding and abetting that crime,' the People needed to prove that the perpetrator committed the

2

crime, defendant knew that the perpetrator intended to commit the crime, before or during its commission defendant intended to aid and abet the perpetrator in committing the crime, and defendant['s] words or conduct did aid and abet the commission of the crime.  CALCRIM Nos. 520 and 521 were given on malice aforethought murder, and other instructions were given on manslaughter, heat of passion, and imperfect self-defense.  There was no instruction given on either felony-murder or the natural and probable consequences doctrine."

The trial court concluded defendant "was convicted only on a general aiding and abetting theory of liability that required a jury finding of intent to aid and abet the commission of the murder."  Thus, because defendant could still be convicted of murder under sections 188 and 189, he was ineligible for relief under section 1170.95.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the relevant procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief and filed a letter directing the court to a document entitled "Petition for Writ of Habeas Corpus with Memorandum of Points and Authorities Penal Code 1487 / Motion to Recall Remittitur," which had been filed as a habeas petition.  We previously denied the petition.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought under section 1170.95 is an open question.  Our Supreme Court has not spoken on that issue.  In *Figueras*, we described the *Anders/Wende* procedure we believed applicable to appeals from section 1170.95 petitions:  " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are

3

"no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' " (*People v. Figueras* (2021) 61 Cal.App.5th 108, 112-113.) We do not consider a reference to a previously denied habeas petition as the filing of a supplemental brief. Thus, "[b]ecause defendant has not filed a supplemental brief, we dismiss the appeal as abandoned." (*Id*. at p. 113.)

DISPOSITION

The appeal is dismissed.


/s/
Robie, J.



We concur:



/s/
Blease, Acting P. J.



/s/
Krause, J.

4